# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**MICHAEL LEE WASHINGTON,**

**Petitioner,**

**v.**                                                    **Case No. 08-C-0111**

**LISA AVILA,**
**Warden of Sturtevant Transitional Facility,**

**Respondent.**

---

# DECISION AND ORDER

---

Petitioner Michael Lee Washington ("Washington") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 26, 2005, following a jury trial in the Racine County Circuit Court, Washington was convicted of possession with intent to utter in violation of Wis. Stat. § 943.38(2). On March 18, 2005, Washington was sentenced to two years and six months in prison to be followed by three years "ES." (Pet. 2.) He is currently in state custody at the Sturtevant Transitional Facility in Sturtevant, Wisconsin. Washington has paid the $5.00 filing fee.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled

to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." During the Court's initial review of habeas petitions, it examines the petition to determine whether the petitioner has set forth cognizable constitutional or federal law claims and has exhausted available state remedies.

Washington's petition lists four grounds for relief. The Court has liberally construed these grounds. As his first ground, he asserts his right to liberty and due process was denied because he was convicted for possession with intent to utter but no preliminary hearing, or arraignment and plea hearing was held on that charge. He states that those proceedings were held on the charge of uttering, which has four elements, unlike a possession with intent to utter charge which has five elements.

As his second ground, he states that there was no evidence to support his charge or conviction for possession with intent to utter. As his third ground, Washington states that he had ineffective assistance of counsel at the preliminary hearing and during the pretrial proceedings. As his fourth ground, Washington maintains that he had ineffective assistance of counsel at trial and with respect to the restitution order. These grounds present arguable claims of federal constitutional violations.

Claims are exhausted when they have been presented to the highest state court for a ruling on the merits or when state remedies no longer remain available to the petitioner. *Engle v. Isaac*, 456 U.S. 107, 125 n.5 (1982). Before a federal court may consider the merits of a petitioner's claims, the petitioner must give the state's highest court an opportunity to review each claim where such review is "a normal, simple, and established part of the State's

appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). This means that in Wisconsin, state prisoners who wish to have their constitutional claims heard in federal court must first present the operative facts and controlling legal principles of those claims to the Wisconsin Court of Appeals and then to the Wisconsin Supreme Court. *Moore v. Casperson*, 345 F.3d 474, 486 (7th Cir. 2003).

Washington's petition indicates that he filed a direct appeal with the Wisconsin Court of Appeals raising claims of "insufficiency of evidence, illegal arrest, no evidence, ineffective assistance of counseling, violation of constitutional right of due process." (Pet. 3.) His conviction was summarily affirmed on November 22, 2006. (*Id*.) Washington also filed a petition for review with the Wisconsin Supreme Court raising claims of "ineffective assistance of counsel, no evidence, [and] the violation of his right to due process." (*Id*.) The petition was denied on April 17, 2007. (*Id*.)

On June 14, 2007, Washington filed a post-conviction motion in the Circuit Court for Racine County which was denied. He did not appeal the denial of that motion.

Washington has provided a limited description of the claims he pursued before the Wisconsin Court of Appeals and Supreme Court. However, at this juncture, the Court concludes that Washington has exhausted his state remedies as to the claims he presents as a basis for federal habeas corpus relief.

Summary dismissal under Rule 4, Rules Governing Habeas Corpus Cases, is not appropriate since it does not plainly appear from "the face of the petition" that Washington is not entitled to relief. Consequently, the Respondent will be called upon to serve and file an

answer, motion or other response consistent with Rule 4 of the Rules Governing Section 2254 Cases. Any answer shall contain the information called for by Rule 5, Rules Governing Section 2254 Cases.

Washington also filed a motion for appointment of counsel. There is no right to counsel in a federal habeas corpus proceeding. *Wright v. West*, 505 U.S. 277, 293 (1992); *Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987). If a petitioner qualifies under 18 U.S.C. § 3006A(g), counsel shall be appointed, if necessary, for effective utilization of discovery procedures, if an evidentiary hearing is required, or if the interests of justice so requires. *See* Rules 6(a) & 8(c), Rules Governing Section 2255 Cases in the District Courts.

"Appointing counsel for pro se petitioners in habeas corpus cases is a power commended to the discretion of the district court in all but the most extraordinary circumstances." *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997) (quoting 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28.")). In *Winsett*, the court of appeals applied the then current multi-step standard for evaluating a motion for appointment of counsel under the federal *in forma pauperis* statute, 28 U.S.C. § 1915(d).[1]

---

[1]The appointment of counsel provision of the federal *in forma pauperis* statute is now codified at 28 U.S.C. § 1915(e)(1).

*Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007), revisited that standard and clarified the second step.[2]  However, the court did not change the threshold inquiry; that is, a district court "must" ask before ruling on a motion for appointment of counsel has the indigent plaintiff made a reasonable attempt to obtain counsel or has he been effectively precluded from so doing?  Washington's motion for appointment does not contain any indication that he made any attempt to obtain counsel or that he is effectively precluded from doing so.  Since Washington has not satisfied the threshold requirement for appointment of counsel, the motion is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1.      The Clerk of Court **SHALL** serve a copy of the petition and this order upon the Respondent.

---

[2]  The court explained:

> The decision whether to recruit pro bono counsel is grounded in a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself.  The inquiries are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the pro se plaintiff; "if that were the test, 'district judges would be required to request counsel for every indigent litigant.' "*Johnson* [*v. Doughty*], 433 F.3d [1001] at 1006 (citing *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (quoting *Farmer v. Hass*, 990 F.2d [319] at 323[7th Cir. 1993]). Rather, the question is whether the difficulty of the case-factually and legally - exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.

*Pruitt*, 503 F.3d at 655 (footnote omitted).

2. The Respondent **SHALL** serve and file an answer, motion or other response to the petition on or before **April 15, 2008**. Any answer shall contain the information called for by Rule 5, Rules Governing Section 2254 Cases.

3. Washington's motion for appointment of counsel (Docket No. 2) is **DENIED**.

Washington is hereby notified that, from now on, he is required, under Fed. R. Civ. P. Rule 5(a), to send a copy of every paper or document filed with the Court to the Respondent or the Respondent's attorney. Washington should also retain a personal copy of each document. If Washington does not have access to a photocopy machine, Washington may send out identical handwritten or typed copies of any documents. The Court may disregard any papers or documents which do not indicate that a copy has been sent to the Respondent or to the Respondent's attorney.

Dated at Milwaukee, Wisconsin this 22nd day of February, 2008.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**

6