# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL LEE WASHINGTON,

        Petitioner,

v.                                   Case No. 08-CV-111

CATHY JESS,

        Respondent.

## ORDER GRANTING IN PART AND DENYING IN PART REQUEST FOR CERTIFICATE OF APPEALABILITY

Michael Lee Washington ("Washington") is incarcerated pursuant to the judgment of a state court and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) On December 11, 2008, this court denied Washington's petition (Docket No. 31), and judgment was entered accordingly, (Docket No. 32). On December 18, 2008, Washington filed a notice of appeal, (Docket No. 33), and a request for a certificate of appealability ("COA"), (Docket No. 34).

Before he may proceed on appeal, the petitioner must receive a COA. § 2253; Fed. R. App. P. 22(b). To obtain a COA, the petitioner must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Washington seeks a COA regarding three of the four issues he raised in his petition. With respect to his claims regarding a denial of due process and insufficiency of the evidence, the court concludes that Washington has failed to make a substantial showing of the denial of a constitutional

right and therefore is not entitled to a COA regarding these claims. Washington does not request a COA regarding his claim that his trial counsel was ineffective for failing to challenge the sufficiency of the criminal complaint. However, to the extent that a request for a COA regarding this ground is implicit in Washington's request, the court similarly finds that Washington has failed to make a substantial showing of a denial of a constitutional right with respect to this claim.

Finally, Washington seeks a COA regarding his claims that his trail counsel was ineffective for failing challenge the restitution order. This court did not reach the merits of this claim because the court concluded that he was not in custody as a result of this alleged error and thus was precluded from relief pursuant to the custody requirement set forth in 28 U.S.C. § 2254(a). With respect to this question, the court shall grant Washington's request for a COA. Specifically, Washington is granted a COA regarding the question of whether, under the circumstances presented, Washington has satisfied the custody requirement set forth in 28 U.S.C. § 2254(a) so as to permit the court to address the merits of his claim that he was denied the effective assistance when his attorney failed to object or otherwise challenge the restitution order.

**IT IS THEREFORE ORDERED** that Washington's request for a certificate of appealability is **granted in part and denied in part**. Washington's request for a certificate of appealability is granted with respect to the question of whether, under the circumstances presented, Washington has satisfied the custody requirement set forth in 28 U.S.C. § 2254(a) so as to permit the court to address the merits of his claim that he was denied the effective assistance when his attorney failed to object or otherwise challenge the restitution order. Washington's request for a certificate of appealability is denied as to all other grounds.

Dated at Milwaukee, Wisconsin this 18th day of December 2008.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge